```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


RANDY THOMPSON
                                              CIVIL ACTION

VERSUS                                        NO: 06-3218

ROWAN COMPANIES, INC.                         SECTION: "J"(3)
```

### ORDER AND REASONS

Before the Court is the Motion in Limine and to Exclude the Testimony and Report of Hector Pazos, P.E. (Rec, Doc. 26). This motion was set for hearing, without oral argument, on February 14, 2007.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted in part and denied in part.

Defendant argues that the opinions and conclusions rendered by Hector Pazos, a naval architect and marine engineer, relating to medical/physiological/biochemical issues and rig operations, training, or claims handling, extend beyond his area of expertise.  Plaintiff, on the other hand, contends that Pazos's qualifications, knowledge, experience, and education enable him to testify regarding the safety standards and practices

throughout the maritime industry, including those involving work operations and safety hygiene.  Plaintiff asserts that Pazos is qualified to testify regarding the causation and mechanics of Plaintiff's injuries and the propriety of Defendant's work operations.  However, Plaintiff concedes that the following conclusions rendered by Pazos are outside of his area of expertise: (1) the conclusion that "heat and high humidity may have been factors that contributed to [Plaintiff]'s accident"; (2) the conclusion that Plaintiff should have remained on light duty until fully recuperated; and (3) the conclusion that Plaintiff was prematurely released to full duty by Defendant's medical personnel.  The Court agrees with Plaintiff that Pazos is not qualified to testify regarding the above three areas and, thus, excludes Pazos's testimony on those subjects.

Further, the Court notes that the purpose of Daubert motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-93 (1993).  Thus, "[m]ost of the safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).

"<u>Daubert</u> requires a binary choice - admit or exclude - and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." <u>SmithKline Beecham Corp. v. Apotex Corp.</u>, 247 F. Supp.2d 1011, 1042 (N.D. Ill. 2003).

Given that this case is a bench trial, and thus that the objectives of <u>Daubert</u> are no longer implicated, the Court finds that the motion in limine to exclude the expert testimony of Pazos should be denied in all other respects at this time. Following the introduction of the testimony at trial, the Court will either exclude it at that point, or give it whatever weight it deserves. Accordingly,

**IT IS ORDERED** that **Motion in Limine and to Exclude the Testimony and Report of Hector Pazos, P.E. (Rec, Doc. 26**) should be and hereby is **GRANTED IN PART AND DENIED IN PART**.

New Orleans, Louisiana this 6th day of March, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE